FILED

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

2013 FEB 27 P 4: 32

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**Robert Belota,**

　　　　　Plaintiff,

vs.

**Enhanced Recovery Company, LLC,**
**Person Doe #1** and **Person Doe #2,**

　　　　　Defendants.

CA NO. 1:13-cv-_____

**CA 13- 1354**

## <u>COMPLAINT</u>

### Introduction

1.　　The Plaintiff brings this action alleging the Defendants engaged in harassing, abusive and prohibited conduct while attempting to collect an alleged debt from the Plaintiff in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). In particular, he alleges the Defendants did not send him the validation notice required by the Act, they wrongfully insisted he pay by allowing them to debit money from his bank account, they called him at work after he told them it was inconvenient for him to be called there and it potentially jeopardized his job, and they harassed him with frequent phone calls. The Plaintiff seeks statutory damages, actual damages, costs and attorney fees under the FDCPA.

**Jurisdiction and Venue**

2.    This Court has jurisdiction to hear the FDCPA claims in this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337(a).

3.    Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff is a resident of this District and the conduct complained of took place, via the phone, in this District.

**Parties**

4.    Plaintiff Robert Belota is an adult resident the State of Rhode Island.

5.    The Defendant Enhanced Recovery Corporation, LLC, (ERC) is a foreign company licensed by the Rhode Island Department of Business Regulation to engage in, and engaging in, the business of debt collection in Rhode Island.

6.    The Defendant Person Doe #1 (Doe #1), alias, is an employee or agent of ERC whose true identity is unknown to the Plaintiff but known, or knowable, to ERC.

7.    The Defendant Person Doe #2 (Doe #2), alias, is an employee or agent of ERC whose true identity is unknown to the Plaintiff but known, or knowable, to ERC.

**Applicability of FDCPA**

8.      At all times relevant to this Complaint, ERC was engaged in the business of regularly collecting debts, originally owed to third parties, using the telephone to communicate with residents of Rhode Island.

9.      At all times relevant to this Complaint, Doe #1 and Doe #2 were engaged in the business of regularly collecting debts, originally owed to third parties, using the telephone to communicate with residents of Rhode Island.

10.     At all times relevant to this Complaint, ERC was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

11.     At all times relevant to this Complaint, Doe #1 and Doe #2 were "Debt Collectors" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

12.     Within the past year ERC placed phone calls to, and engaged in telephone conversations with, the Plaintiff while acting as a Debt Collector attempting to collect an alleged debt from the Plaintiff.

13.     Within the past year Doe #1 placed phone calls to, and engaged in telephone conversations with, the Plaintiff while acting as a Debt Collector attempting to collect an alleged debt from the Plaintiff.

14.   Within the past year Doe #2 caused messages to be left on the Plaintiff's voicemail while acting as a Debt Collector attempting to collect an alleged debt from the Plaintiff.

15.   The alleged debt that gave rise to the telephone calls and messages arose from purchases of goods primarily for personal, family or household purposes. (Hereinafter the alleged debt shall be referred to simply as the Debt.)

**Facts Common to All Counts**

16.   In February and March of 2012, and in the months after that, ERC, acting through its agent or employee Doe #1, and others, called the Plaintiff attempting to collect the Debt.

17.   ERC placed the calls to the Plaintiff's place of employment.

18.   As a result of those calls, ERC left numerous messages for the Plaintiff in his work voice mail.

19.   As a result of the calls, ERC engaged the Plaintiff in several conversations regarding the Debt.

20.   During several of the conversations, the Plaintiff advised ERC, including Doe #1 on at least one occasion, that it was calling him at his job and ERC should stop calling him there.

21.   During several of the conversations, the Plaintiff advised ERC that it was potentially embarrassing for him to receive calls from ERC at his job.

22. During several of the conversations, the Plaintiff advised ERC that it was inconvenient for him to receive calls from ERC at his job.

23. During several of the conversations, the Plaintiff told ERC that if his boss heard the calls ERC was placing, or listened to the messages it was leaving for him, he could get in trouble with his employer.

24. Even after the Plaintiff so advised ERC about their calls to him at his job, ERC continued to place over a dozen calls to him at his job.

25. Even after the Plaintiff so advised ERC, on information and belief, Doe #2 caused ERC to continue to place calls to the Plaintiff at his job.

26. The caller Doe #1 identified himself to the Plaintiff as "Bob."

27. During one of Doe #1's conversations with the Plaintiff, Doe #1 insisted that, to pay the Debt, the Plaintiff had to give ERC access to his bank account so ERC could withdraw money from it.

28. The Plaintiff repeatedly rebuffed Doe #1's attempts to obtain his bank account information in order to make withdrawals from it.

29. The Plaintiff told Doe #1 that if he paid the Debt it would be in some way other than by letting ERC withdraw money from his bank account.

30. Faced with the Plaintiff's unequivocal refusal to allow ERC access to his bank account, Doe #1 continued to adamantly insist that the Debt had to be paid by allowing ERC to withdraw money from his bank account.

31. Other ERC employees or agents who called the Plaintiff did not identify themselves by name and they were often difficult to understand.

32.     ERC did not notify the Plaintiff of his right to dispute the Debt.

33.     ERC did not notify the Plaintiff of his right to request ERC obtain verification of the Debt.

34.     ERC did not notify the Plaintiff it would cease collection efforts if he requested verification of the Debt and that it would not resume collection efforts until it obtained and the verification and provided it to him.

35.     The Plaintiff suffered damages as a result of ERC's conduct including shame, embarrassment, fear of losing his job, anxiety and pain and suffering.

**Count 1 – Improper Communication with the Plaintiff**

36.     The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

37.     The Defendants violated the restrictions the FDCPA places on Debt Collectors' communications with alleged debtors, including their communications with the Plaintiff.

38.     The restrictions are codified at 15 USC 1692c(a).

39.    The Defendants did the following which the Plaintiff asserts gave rise to the violations:

    a.    Communicated with the Plaintiff at an unusual time or place or at a time or place they knew was inconvenient to the Plaintiff in violation of 15 USC 1692c(a)(1) ;

    b.    Communicated with the Plaintiff at his place of employment knowing the Plaintiff's employer prohibited him from receiving such communications in violation of 15 USC 1692c(a)(3).

40.    The Plaintiff suffered damages as a result of the Defendants' conduct described in this Count.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692k(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692k(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692k(a)(3), and for such other relief as the Court may deem just and appropriate.

### Count 2 – Harassment/Abuse

41.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

42.    The Defendants violated the restrictions the FDCPA imposes on them prohibiting them from harassing and/or abusing the Plaintiff.

43.    The restrictions are codified at 15 USC 1692d.

44.    The Defendants did the following which the Plaintiff asserts gave rise to the violations:

    a.  Caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the number called in violation of 15 USC 1692d(5);

    b.  Engaged the Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass him in violation of 15 USC 1692d(5); and

    c.  Placed phone calls without meaningfully disclosing their identity in violation of 15 USC 1692d(6); and

    d.  Attempted to bully him into providing ERC with his bank account information in violation of 15 USC 1692d.

45.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692k(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692k(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692k(a)(3), and for such other relief as the Court may deem just and appropriate.

## Count 3 – False/Misleading Representations

46.     The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

47.     The Defendants ERC and Doe #1 violated the restrictions the FDCPA imposes on them prohibiting them from making false and/or misleading representations.

48.     The restrictions are codified at 15 USC 1692e.

49.     The Defendants ERC and Doe #1 did the following which the Plaintiff asserts gave rise to the violations:

   a.   Attempted to lead the Plaintiff to believe the only way ERC would accept payment on the Debt was by means of a debit ERC would initiate from his bank account in violation of 15 USC 1692e; and

   b.   Tried to obtain the Plaintiff's bank account information by deceptively trying to lead the Plaintiff to believe the only way ERC would accept payment on the Debt was by means of a debit ERC would initiate from his bank account in violation of 15 USC 1692e(10).

50.     The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore,** the Plaintiff requests judgment against the Defendants ERC and Doe #1 for actual damages pursuant to 28 USC 1692k(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692k(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692k(a)(3), and for such other relief as the Court may deem just and appropriate.

### Count 4 – Federal FDCPA – Unfair Practices

51.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

52.    The Defendants violated the restrictions the FDCPA imposes on them prohibiting them from using unfair or unconscionable means while attempting to collect a debt.

53.    The restrictions are codified at 15 USC 1692f.

54.    The Defendants did the following which the Plaintiff asserts gave rise to the violations:

    a.  Attempted to lead the Plaintiff to believe the only way ERC would accept payment on the Debt was by means of a debit ERC would initiate from his bank account in violation of 15 USC 1692f; and

b. Tried to obtain the Plaintiff's bank account information by deceptively trying to lead the Plaintiff to believe the only way ERC would accept payment on the Debt was by means of a debit ERC would initiate from his bank account in violation of in violation of 15 USC 1692f.

55.     The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692k(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692k(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692k(a)(3), and for such other relief as the Court may deem just and appropriate.

## Count 5 – Validation & Notice Violations

56. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

57.     The Defendants violated the FDCPA's requirements regarding notices they must give alleged debtors, including the Plaintiff.

58.     The requirements are codified at 15 USC 1692g.

59.     Within five days of ERC's first communication with the Plaintiff, the Defendants

failed to do the following:

    a.   Advise him of the amount of the Debt in violation of 15 USC 1692g(a)(1);

    b.   Advise him of the name of the creditor to whom the Debt was owed in violation

        of 15 USC 1692g(a)(2);

    c.   Advise him of his right to dispute the debt within 30 days in violation of 15 USC

        1692g(a)(3);

    d.   Advise him of his right to have verification of the Debt mailed to him in violation

        of 15 USC 1692g(a)(4); nor did they

    e.   Advise him that, if he requested verification in writing, ERC would cease

        collection efforts until it obtained and mailed it to him in violation of 15USC

        1692g.

60.     The Plaintiff asserts those failures gave rise to the violations of the FDCPA

complained of in this Count.

61.     The Plaintiff suffered damages as a result of the conduct described in this Count.


**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages

pursuant to 28 USC 1692k(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC

1692k(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692k(a)(3), and for such other

relief as the Court may deem just and appropriate.

Robert Belota,
By Counsel,

_____
Citadel Consumer Litigation, P.C.
John T. Longo, Esq./#4928
681 Smith Street
Providence, RI  02908
(401) 383-7550
Fax (401) 537-9185
jtlongo@citadelpc.com

## Jury Demand

The Plaintiff demands a trial by jury on each and every count.

_____
John T. Longo, Esq./#4928

My File #: FD **3679**